IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eloy Perez and Esmeralda Bucio, individually and on behalf of other employees similarly situated, Plaintiffs<br>v.<br>Taqueria Los Gallos, Inc., and Salvador Hernandez, individually, Defendants. | Case No. 1:16-cv-10482<br>The Honorable Sara L. Ellis |

### JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF ALL CLAIMS

NOW COME the Plaintiffs, Eloy Perez and Esmeralda Bucio, through counsel, and Defendants, Taqueria Los Gallos, Inc.("TLG"), and Salvador Hernandez, through counsel, and jointly move this Honorable Court to approve a settlement between Defendants and Plaintiffs (collectively the "Parties"), which shall be submitted to the Court for *in camera* inspection. In support of the motion, the Plaintiffs state:

1. On November 9, 2016, a Complaint was filed in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Municipal Code of Chicago Minimum Wage Ordinance ("Ordinance").

2. On July 24, 2017, a First Amended Complaint added Plaintiff Esmeralda Bucio.

3. On September 5, 2017, Defendants answered and filed a Counterclaim against Plaintiff Esmeralda Bucio.

4. Defendants denied the claims brought against them by Plaintiffs. Defendants denied that it was liable to Perez and asserted that Perez was properly paid for all of the time he worked for TLG. Defendants likewise denied that they were liable to Bucio. Bucio claimed that the tips she received as a waitress should not be counted toward her wages because the tip pool was invalid in that it included employees who are ineligible to participate in the pool. Defendants disputed

Bucio's claims and asserted that the tip pool was valid; therefore, tips received by Bucio should be counted toward wages she earned and, as a result, Defendants were not liable to her. Defendant, TLG, also filed a Counterclaim against Bucio wherein TLG asserted that Bucio failed to charge TLG's customers for food and drinks and thereby damaged TLG. [Doc. 33].

5. On December 20, 2017, the parties were referred to the Honorable Susan E. Cox for settlement purposes.

6. Following settlement discussions, and shortly before a scheduled settlement conference, the Parties reached a settlement in principle.

7. The Parties have executed a settlement agreement.

8. When an employee asserts a claim against his employer or former employer for wages under the FLSA or IMWL, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA); *Lewis v. Giordano's Enters., Inc.*, 921 N.E.2d 740, 751 (1st Dist. 2009) (IMWL).

9. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Koszyk v. Country Fin. a/k/a CC Servs., Inc., No. 16 CIV. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016). The law generally encourages settlements, and courts should approve of proposed FLSA settlements that reflect "a reasonable compromise over contested issues." Id. (citing Lynn's Food Stores, 679 F.2d 1350, 1354); accord Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) ("a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

10. The Parties request approval of the settlement agreement because it is a fair and reasonable resolution of bona fide disputes between them. All Parties maintain their respective positions about the validity and strengths of their claims and defenses. All Parties were represented by counsel who demonstrated their total commitment to their clients' respective positions throughout the course of the litigation. The parties had already fully briefed Defendants' Motion To Dismiss For Lack of Jurisdiction , Insufficient Process, and For Insufficiency Of Process which was eventually denied by this Court on June 19, 2017 [Doc. 23]. In response to TLG's Counterclaim, Bucio filed a Motion To Dismiss which was denied without prejudice on December 20, 2017. Defendants also had every intention of moving for summary judgment if the Parties did not settle this dispute. Nevertheless, the Parties agree that the certainty and value of settlement outweigh the possibility of full relief, on either side, after further litigation. Thus, because the Parties' proposed settlement resolves a bona fide dispute, the Court should find the settlement is fair and enter an order approving of it. See Koszyk, 2016 WL 5109196, at *1 (approving of settlement that resulted from "contested litigation with substantial informal discovery, and arm's length negotiations" reached after mediation and as in light of the parties' recognition of "the uncertain legal and factual issues involved").

11. Upon approval of the settlement agreement, the Parties further request:

   a. the dismissal of Plaintiffs' claims with prejudice, with each party to bear its own attorneys' fees and costs except as otherwise agreed; and

   b. the dismissal of Defendants' counterclaim with prejudice, with each party to bear its own attorneys' fees and costs except as otherwise agreed.

WHEREFORE, the Parties respectfully request that this Honorable Court (1) approve the settlement agreement (2) dismiss Plaintiffs' claims with prejudice, with each party to bear its own attorneys' fees and costs except as otherwise agreed, (3) dismiss Defendants' counterclaim with prejudice, with each party to bear its own attorneys' fees and costs except as otherwise agreed, and (4) any other relief deemed just.

Respectfully submitted on Friday, June 1, 2018.

| | |
|---|---|
| **s/ Valentin T. Narvaez** | **s/ Joseph P. Berglund** |
| Plaintiffs' counsel | Defendants' Counsel |
| Consumer Law Group, LLC | Law Offices Of Joseph P. Berglund, P.C. |
| 6232 N. Pulaski, Suite 200 | 1010 Jorie Blvd., Suite 370 |
| Chicago, IL 60646 | Oak Brook, 60523 |
| Direct: 312-878-1302 | Tel: 630-990-0234 |
| vnarvaez@consumerlaw.com | berglundmastny@aol.com |