IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eloy Perez and Esmeralda Bucio, individually and on behalf of other employees similarly situated, Plaintiffs v. Taqueria Los Gallos, Inc., and Salvador Hernandez, individually, Defendants. | Case No. 1:16-cv-10482 The Honorable Sara L. Ellis |

**ORDER**

THIS MATTER COMING BEFORE THE COURT upon the Joint Motion ("Joint Motion") of the Plaintiffs, Eloy Perez and Esmeralda Bucio, through counsel, and Defendants, Taqueria Los Gallos, Inc.("TLG"), and Salvador Hernandez, through counsel, to approve a settlement reached by and between Defendants and Plaintiffs (collectively the "Parties"), which was submitted to the Court for *in camera* inspection; and the Court being fully advised in the premises;

WHEAREAS, on November 9, 2016, a Complaint was filed in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Municipal Code of Chicago Minimum Wage Ordinance ("Ordinance").

WHEREAS, on July 24, 2017, a First Amended Complaint added Plaintiff Esmeralda Bucio.

WHEREAS, on September 5, 2017, Defendants answered and filed a Counterclaim against Plaintiff Esmeralda Bucio.

WHEREAS, Defendants denied the claims brought against them by Plaintiffs. Defendants denied that they were liable to Perez and asserted that Perez was properly paid for all of the time he worked for TLG. Defendants likewise denied that they were liable to Bucio. Bucio claimed that the tips she received as a waitress should not be counted toward her wages because the tip

pool was invalid in that it included employees who are ineligible to participate in the pool. Defendants disputed Bucio's claims and asserted that the tip pool was valid; therefore, tips received by Bucio should be counted toward wages she earned and, as a result, Defendants were not liable to her. Defendant, TLG, also filed a Counterclaim against Bucio wherein TLG asserted that Bucio failed to charge TLG's customers for food and drinks and thereby damaged TLG. [Doc. 33].

WHEREAS, on December 20, 2017, the parties were referred to the Honorable Susan E. Cox for settlement purposes.

WHEREAS, following settlement discussions, and shortly before the scheduled settlement conference, the Parties reached a settlement in principle.

WHEREAS, The Parties have executed a settlement agreement that was submitted to and reviewed by the Court *in camera.*

The Court Finds that the terms of the settlement of the Plaintiffs' claims for wages under the FLSA and IMWL are fair and have been reached as a result of contested litigation and are the product of arm's-length bargaining to resolve *bona fide* disputes. The settlement of Plaintiffs' FLSA and IMWL claims reflect a reasonable compromise over contested issues which were undertaken in good faith by counsel for the Parties and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

WHEREFORE, the Court grants the Parties' Joint Motion, hereby approves of the Parties' settlement, and dismisses Plaintiffs' First Amended Complaint without prejudice and Defendant's Counterclaim without prejudice, with each party to bear its own attorneys' fees and costs except as otherwise agreed, and with leave to file a motion to reinstate the case if

settlement is not implemented by September 30, 2018. If no motion to reinstate this case is filed by September 30, 2018, then Plaintiffs' First Amended Complaint shall be dismissed with prejudice and Defendant's Counterclaim shall be dismissed with prejudice without any further action by the Parties.

The date of June 14, 2018 for the presentment of the parties Joint Motion and the status hearing of June 20, 2018 are stricken.

Date: June 13, 2018  _____
U.S. DISTRICT COURT JUDGE SARA L. ELLIS